IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KRISHNA JOHNIGAN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:16CV3065 |
| | ) | |
| V. | ) | |
| | ) | |
| KEITH BROADFOOT, SCOTT | ) | **MEMORANDUM** |
| BUSBOOM, MICHELE CAPPS, | ) | **AND ORDER** |
| SHAUN SHERMAN, BRIAN GAGE, | ) | |
| SCOTT FRAKES, and NEBRASKA | ) | |
| D E P A R T M E N T   O F | ) | |
| CORRECTIONAL SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, who is currently incarcerated at the Nebraska State Penitentiary, filed his Complaint on April 21, 2016. (Filing No. 1.) Plaintiff was given leave to proceed in forma pauperis. (Filing No. 8.) Therefore, at this time, the court will conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Liberally construed, Plaintiff alleges that (1) he was denied participation in rehabilitative programs because Defendants refused to transfer him to the Nebraska State Penitentiary due to his race and (2) the conditions of confinement at Tecumseh State Prison violated his Eighth Amendment rights. As relief, Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief. Plaintiff also seeks class certification and requests that the court "convene a three judge panel to alleviate overcrowding, by releasing prisoners until a safe operating level can be maintained." (Filing No. 1 at CM/ECF p. 10.)

## II.  STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988);  *Buckley v. Barlow*, 997 F.2d 494, 495

(8th Cir. 1993).

## III.  DISCUSSION

### 1.    Injunctive Relief

At the time Plaintiff filed his Complaint, he was residing at Tecumseh State Prison.   Since that time, Plaintiff has been transferred to the Nebraska State Penitentiary.   Therefore, Plaintiff's claims seeking injunctive relief are moot.   *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[A] prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions").   Still, Plaintiff retains standing to bring his claims for monetary damages.   *Id*.

### 2.    Joinder

Federal Rule of Civil Procedure 20 states that multiple defendants may be joined in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences."   Fed. R. Civ. P. 20(a)(2)(A).   In addition, there must be a "question of law or fact common to all defendants" in the action.   Fed. R. Civ. P. 20(a)(2)(B).   Under Federal Rule of Civil Procedure 21, the proper remedy for improper joinder of parties is for the court to "drop a party" or "sever any claim against a party."   Fed. R. Civ. P. 21.   The court may do so "[o]n motion or on its own."   *Id.*

Plaintiff's Complaint alleges that (1) he was denied participation in rehabilitative programs because Defendants refused to transfer him to the Nebraska State Penitentiary due to his race and (2) that the conditions of confinement at Tecumseh State Prison violated his Eighth Amendment rights.   These claims appear to arise out of unrelated events.   Therefore, Plaintiff will be required to file an

amended complaint that sets forth only related claims that stem from the same basic event or occurrence and involve a common question of law or fact. Plaintiff is warned that upon screening the amended complaint, the court will consider whether unrelated claims should be severed. If Plaintiff's amended complaint sets forth unrelated claims, and the court decides severance is appropriate, **Plaintiff will be required to prosecute unrelated claims in separate actions and he will be required to pay a separate filing fee for each separate action**.

### 3. Claims for Relief

Plaintiff is further advised that, as presently set forth, the allegations in Plaintiff's Complaint fail to state cognizable claims for relief. A brief explanation for this finding is set forth below.

First, Plaintiff is precluded from asserting claims against the Nebraska Department of Corrections. The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995); Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 446-47 (8th Cir. 1995)*.

Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity. However, to the extent that Plaintiff seeks to recover monetary damages from the employee defendants in their official capacity, these claims are barred by the Eleventh Amendment.

Second, Plaintiff's allegations relating to his conditions of confinement fail to state a claim. The Eighth Amendment requires that prison officials "provide humane conditions of confinement," specifically, "prison officials must ensure that inmates

receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation omitted).  In order to establish an Eighth Amendment violation regarding conditions of confinement, an inmate must establish: (1) that he is incarcerated under conditions posing a substantial risk of serious harm, and (2) the defendants actually knew of, but disregarded, or were deliberately indifferent to, the plaintiff's health or safety. *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012).

Plaintiff's conclusory allegation that Tecumseh State Prison is overcrowded is insufficient to state a viable claim.  *See Stewart v. Taft*, 235 F. Supp.2d 763, 770 (N.D. Ohio 2002) ("Overcrowding in a prison is not itself a violation of the Constitution).  Also, Plaintiff's allegations regarding mistreatment of other prisoners do not support a claim for relief.  "A prisoner cannot bring claims on behalf of other prisoners.  A prisoner must allege a personal loss" *Martin*, 780 F.2d at 1337 (8th Cir. 1985) (internal citations omitted).  Plaintiff has not specifically alleged any personal loss or injury caused by the conditions at Tecumseh State Prison.

Plaintiff's suggestion that he was discriminated against on the basis of race because he was denied a transfer to the Nebraska State Penitentiary is likewise conclusory and insufficient to nudge his claim across the line from conceiveable to plausible.

## IV.  APPOINTMENT OF COUNSEL

Plaintiff has requested appointment of counsel in this matter.  (Filing No. 4.) The court cannot routinely appoint counsel in civil cases.  In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel."  Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual

4:16-cv-03065-RGK-PRSE   Doc # 10   Filed: 08/18/16   Page 6 of 7 - Page ID # 53

and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id*. Having considered these factors, the request for the appointment of counsel will be denied without prejudice to reassertion.

Plaintiff has also requested class certification. (Filing No. 4.) This request will likewise be denied without prejudice to reassertion following the submission of an amended complaint.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days in which to file an amended complaint that sets forth cognizable claims for relief. Failure to file an amended complaint within the time specified by the court will result in dismissal of this case without further notice.

2. Plaintiff is again warned that if his amended complaint sets forth unrelated claims, and the court decides severance of the claims is appropriate, Plaintiff will be required to prosecute unrelated claims in separate actions and **he will be required to pay a separate filing fee for each separate action**.

3. The clerk's office is directed to set a pro se case management deadline in this case using the following text: September 19, 2016: Check for amended complaint.

4. Plaintiff's Request for Class Certification and Appointment of Counsel (Filing No. 4) is denied without prejudice to reassertion.

5. Plaintiff's Request to Convene a Three Judge Panel (Filing No. 5) is denied.

DATED this 18th day of August, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge